Filed at 10:32 A.M.
April 4, 2019
Cheryl Collins
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 5:18-CR-00049-TES-CHW |
| : | |
| DERON LAMONTE HILL, : | |
| : | |
| Defendant : | |
| : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Deron Lamonte Hill, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands

1



that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on <u>Booker</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

2



(A)     The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Two of the Indictment which charges Defendant with Transfer of Obscene Material to a Minor in violation of Title 18, United States Code, Section 1470.

(B)     Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count Two to a maximum sentence of ten (10) years imprisonment, a maximum fine of $250,000.00, or both, and a mandatory minimum term of supervised release of five (5) years and up to a maximum of lifetime supervision. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count and that Defendant will be required to register as a sex offender as outlined in section 3.J. below.

(C)     The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)     The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed.  The Defendant understands and has discussed with Defendant's attorney that the Defendant will have



the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)   Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)   Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)   **Waiver of Appeal Rights and Right of Collateral Attack:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective

4



assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H)   Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.



(I)     The United States of America and Defendant hereby agree that any breach of this agreement by the Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve the Defendant of Defendant's plea of guilty; (b) permit the Government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this superseding information; (c) permit the Government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the Government to utilize against the Defendant in any subsequent judicial proceeding any and all statements made by the Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(J)     Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant

6



understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Georgia following release from prison, he will be subject to the registration requirements of OCGA § 42-1-12 et seq., or if in another state to any reporting or registration requirements in that state. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in Georgia, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

7



(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count Two of the Indictment.

(B) If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)
### ABANDONMENT AND WAIVER OF CLAIMS AND CONSENT FOR DESTRUCTION OF ELECTRONIC EQUIPMENT

The Defendant, **DERON LAMONTE HILL**, freely and voluntarily agrees to abandon and relinquish all of his right, title, and interest in the following property, including all of its data/files/images and components: one (1) Apple iPhone, Model 6s,

8



Serial Number: C6KRX75DGRY6, IMEI Number: 358564076101420 (hereinafter referred to as the "subject property").

(A) The Defendant is the sole owner of the listed electronic equipment, which is in the lawful custody of the Bibb County Sheriff's Office, and warrants that there are no other persons or entities having an interest in the listed electronic equipment.

(B) Defendant hereby waives and abandons all right, title, and interest in the electronic equipment. The Defendant acknowledges that the seized property was lawfully seized, and waives, releases, and withdraws any claim that Defendant has made with respect to the electronic equipment, and waives and releases any claim that Defendant might otherwise have made to them in the future. Defendant further consents to the destruction of the listed electronic equipment.

(C) Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, and destruction of the listed electronic equipment. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, and destruction of the listed electronic equipment, including any such claim for attorney fees and litigation costs.

(D) Defendant agrees to hold the United States, the State of Georgia and all political subdivisions thereof, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts,

9



judgments, damages, claims, or demands whatsoever in law or equity which Defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, arising from and in connection with the seizure, abandonment, and destruction of the listed electronic equipment.

(6)

Nothing herein limits the sentencing discretion of the Court.

(7)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

10



Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On or about January 21, 2018, the mother of 13-year-old victim J.G. contacted the Bibb County Sheriff's Office ("BCSO") after finding sexually explicit messages on her daughter's phone from Defendant. J.G.'s mother had several screenshots of the sexually explicit messages and provided them to law enforcement. The screenshots also included messages between Defendant and 15-year-old victim A.S., who is the cousin of J.G. Law enforcement subsequently made contact with A.S.'s mother, who was unaware the Defendant had been in communication with her daughter.

Both J.G. and A.S. were forensically interviewed at the Crescent House in Bibb County on January 25, 2018. Both girls stated that Defendant sent them sexually explicit messages and images. Specifically, J.G. stated that Defendant created separate Facebook profiles for both girls so that he could message the girls after they met at a family cookout sometime in October or November 2017. Defendant had two separate Facebook profiles, including one under the name "Deronn Deronn" which was used to communicate with both J.G. and A.S. Law enforcement sent preservation requests to Facebook and obtained search warrants from Bibb County Superior Court on January 26, 2018.

The records obtained from Facebook revealed several sexually explicit messages sent by the Defendant to J.G. and A.S. On January 13, 2018, Defendant sent J.G. an image via Facebook messenger of a tongue on a vagina with a caption describing how to conduct

11



oral intercourse. In addition to sending the image, Defendant sent the following messages to the girls:

- "You can wake up with dick in your pussy" – To A.S. on January 16, 2018;
- "I bet your pussy good" – To J.G. on January 16, 2018;
- "I know but I wanna see you cum…Bc I wanna eat it" – To J.G. on January 16, 2018;
- "Can I play with your pussy so you can cum…yeah but why I cant eat you out" – To J.G. on January 16, 2018;
- "I want to eat that pussy" – To A.S. on January 19, 2018;
- "You gone let me fuck you" – To A.S. on January 19, 2018;
- "I just want to pick you while fucking you" – To A.S. on January 19, 2018; and
- "Hell yeah slide that dick in your wet pussy" – To A.S. on January 19, 2018.

On February 14, 2018, Defendant was arrested by the BCSO and charged with two misdemeanor counts of electronically furnishing obscene materials to a minor in Bibb County State Court. After being Mirandized, he admitted to sending several sexually explicit messages over the past several months to both girls and admitted that he knew they were minors. After he found out that J.G.'s mother told the police, he deactivated and deleted his Facebook accounts. Defendant was given a bond and told not to have any contact with J.G., A.S., or anyone under the age of 18.

On May 4, 2018, the mother of J.G. contacted law enforcement and informed them that Defendant was sending her daughter private messages on Instagram. Specifically, the message on April 26, 2018, stated "Damn lil baby I miss you" and had kissing and tongue emojis. After receiving the messages from Defendant, J.G. informed her mother.

BCSO sent a preservation request to Instagram and obtained a search warrant for the accounts. Defendant was subsequently arrested by BCSO for violating the conditions of his Bibb County State Court bond and charged with aggravated stalking.

Defendant now admits that on or about January 13, 2018, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, he did by means of interstate and foreign commerce, that is the Internet and a cellular telephone, knowingly transfer obscene matter to another individual who had not attained the age of sixteen (16) years, knowing that the other individual had not attained the age of sixteen (16) years; all in violation of Title 18, United States Code, Section 1470. Specifically, Defendant admits that on January 13, 2018, he sent J.G. an image via Facebook messenger of a tongue on a vagina with a caption describing how to conduct oral intercourse.

(9)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 4th day of April, 2019.

CHARLES E. PEELER
UNITED STATES ATTORNEY

BY: _____
C. SHANELLE BOOKER
ASSISTANT UNITED STATES ATTORNEY



I, Deron Lamonte Hill, have read this agreement and had this agreement read to me by my attorney, Jared Scott Westbroek. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
DERON LAMONTE HILL
DEFENDANT

I, Jared Scott Westbroek, attorney for Defendant Deron Lamonte Hill, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
JARED SCOTT WESTBROEK
ATTORNEY FOR DEFENDANT